[No. 2366. Decided November 25, 1896.]

## LYSANDER LYONS et al., Respondents, v. GEORGE FOWLER et al., Appellants.

ESTOPPEL IN PAIS — RELEVANCY OF REPRESENTATIONS RELIED ON.

One who holds the legal and record title to real estate is not estopped from setting up his ownership as against one to whom he had stated that he had transferred it to a third party, and who subsequently purchases it at execution sale as the property of such

third party, when the statement as to ownership was made several months before the levy of execution and in connection with a proposition at the time for a trade of the premises.

Appeal from Superior Court, King County.—Hon. J. W. Langley, Judge.   Affirmed.

*James M. Epler*, for appellants.

*Elwood Harshman*, for respondents.

The opinion of the court was delivered by

Hoyt, C. J.— Prior to November 2, 1893, John W. McMahan and Merritta McMahan, husband and wife, were the owners of the land the title to which was in question in this action.   On that day, for a valuable consideration, they conveyed it to the respondents. On the 13th day of July, 1894, a judgment was duly rendered in the superior court of Snohomish county, in favor of Jacob Brandt & Co. against the said John W. McMahan and Merritta McMahan, upon which an execution was issued on the 4th day of August, 1894, and levied upon the property in controversy, which was thereafter sold to satisfy the execution and bid in by the appellants, to whom a certificate of sale was duly issued.

There is no contention that the paper title, both of record and in fact, was not in the respondents at the time of the levy and sale; but the appellants claim that the respondents should not be allowed to assert their title against that acquired by appellants under the execution sale, for the reason that they are estopped from so doing by certain declarations and representations made by them to appellants.   These representations were made in February and March, 1894, and grew out of a proposition made by the appellants to the respondents to trade certain real

estate in the city of Seattle for the property in question. In answer to this proposition the respondent Lysander Lyons wrote the appellant George Fowler to the effect that he had deeded the property to Mrs. McMahan, and that a trade, if made, would have to be with her. It was also claimed that like statements were made by said respondent to the appellant in a conversation between them, and that the respondent Rhoda S. Lyons had made statements to the same effect; and the claim was that, by reason of these statements, respondents were estopped from denying that the title to the property was in the McMahans.

As to whether or not some of these statements were made, there was a conflict in the evidence; but even if they were all made just as claimed by the appellants, we are of the opinion that they were not sufficient to estop the respondents from asserting their title as against that acquired by the appellants under the execution sale. If the statements had been made at or near the time of the execution sale and in view of a purchase thereunder by the appellants, they might have been sufficient to estop respondents. But the statements relied upon were made several months before the levy of the execution upon the property; and while it is true that there had been no change of the legal title between the time that such statements were made and the date of such levy, there might have been such changes in the surrounding circumstances as to greatly affect the relations of the McMahans to the legal title which was all the time in the respondents.

Beside, the representations were only material in connection with the transaction in which they were made, which was the proposed trade of certain property of the appellants for that in question. They had

no reference whatever to the action of the appellants in purchasing the property at forced sale. The respondents may well have been willing to have had the appellants treat the title as vested in the McMahans for the purpose of a trade for other property, yet unwilling that the title should be so treated for the purpose of having made therefrom the money due upon the judgment against the McMahans. In the one case it would have been within the power of the McMahans to use the property received in the trade for the benefit of the respondents. In the other the McMahans would have nothing with which they could reimburse the respondents for the property taken in execution.

Judgment, affirmed.

DUNBAR, SCOTT, ANDERS and GORDON, JJ., concur.